IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 AUG -3 P 2: 13

| | |
|---|---|
| GLORIA SIMS, an individual, ) | |
| ) | |
| Plaintiff, ) | PLAINTIFF DEMANDS TRIAL |
| ) | BY A STRUCK JURY |
| v. ) | |
| ) | Civil Action No.: |
| COOSA COUNTY BOARD OF ) | 2:07-CV-704-MEF |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### 1. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000 et seq. and 42 U.S.C. § 1981. These statutes provide for injunctive and other relief as a remedy for race discrimination, gender discrimination and retaliation.

2.    The Plaintiff has fulfilled all conditions precedent to the institution of this action. The Plaintiff timely filed his EEOC charge of discrimination within 180 days of the last discriminatory act. The Plaintiff timely filed her suit within 90 days of her receipt of the Right to Sue letter from the Equal Employment Opportunity Commission (EEOC).

### II. PARTIES

3.    The Plaintiff Gloria Sims is a white female citizen of the United States and is a resident of Sylacauga, Alabama. She was employed by the Defendant, Coosa County Board of Education, at its Coosa County Central High School in August 2006.

4.    The Defendant, Coosa County Board of Education is the former employer of the Plaintiff and is subject to suit under 42 U.S.C. § 2000e et seq.(Title VII), and 42 U.S.C.

§ 1981(race discrimination). The Coosa County Board of Education employs in excess of 15 people. It is headquartered in Coosa County and transacts its business in Coosa County.

### III. RACE DISCRIMINATION AND RETALIATION

5. Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-4 above as if fully set forth herein.

6. Plaintiff was employed by the Defendant as a part-time lunchroom worker in August of 2006. Plaintiff performed her job duties and responsibilities in an exemplary manner. Plaintiff applied for the position after receiving a posting for the position. The temporary position that the Plaintiff received indicates that a highschool diploma or GED is required. Plaintiff had neither.

7. While Plaintiff worked the temporary position, she was informed that the job posting would be made on a permanent basis. The permanent position would be for a job which paid $11.25 per hour and would have benefits. Plaintiff performed this work for minimum wage. When Plaintiff applied for the job, Plaintiff was told by Jan Forbus, her supervisor, that this was "a man's position". Jan Forbus also told Plaintiff, that Pam Jones, Forbus' supervisor, told her that she "needed to get some color in the lunchroom". The Plaintiff understood that statement to mean that Pam Jones intended to hire a black for the position. Plaintiff complained that the statement manifested an intent to discriminate against her on the basis of her race and gender.

8. Plaintiff later found out that a black male had been hired in the permanent position.

9. After the Plaintiff learned that a black male had been hired in this position,

she filed a charge of discrimination with the Equal Employment Opportunity Commission. Since the filing of her EEOC charge, the Plaintiff has applied for jobs with other employers. The Defendant, Coosa County Board of Education, has provided those subsequent employers with false, derogatory, and inaccurate job references for the Plaintiff. Said conduct amounts to retaliation under both Title VII and 42 U.S.C. § 1981.

10. Coosa County Board of Education has articulated a reason for the black male's hiring and said reason is pretextual.

11. Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and in the making and enforcement of her employment contract, pursuant to 42 U.S.C. § 1981. Plaintiff also alleges that the Defendant retaliated against her because of her complaints of racial discrimination.

12. As a proximate result of the aforementioned conduct of the Defendant, Plaintiff has suffered embarrassment, humiliation, mental distress, emotional pain and mental anguish.

13. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein. This suit for back-pay (plus interest), front pay in lieu of reinstatement, injunctive relief and a declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injuries from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court. The Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling the Plaintiff to punitive damages.

## IV. GENDER DISCRIMINATION

14. Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-13 above as fully set forth herein.

15. Plaintiff alleges that the articulated reasons given by the Defendant Coosa County Board of Education for her not receiving the permanent position are pretextual. Plaintiff further alleges that her gender was a motivating factor in the Defendant's decision not to hire her. Plaintiff states that she was told that this "a man's position".

16. Defendant discriminated against Plaintiff on the basis of her gender in violation of 42 U.S.C.§ 2000e et seq. Said statute provides that employers are prohibited from discriminating against employees on the basis of their gender.

18. The Plaintiff alleges that Defendant Coosa County Board of Education engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

19. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and back-pay, front-pay in lieu of reinstatement, injunctive and declaratory judgment is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial provide appropriate relief as follows:

a) Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of the Defendant are in violation of (Title VII) 42 U.S.C.§ 2000e et seq., a statute which prohibits employers from discriminating on the basis of race, gender, or retaliatory motive as concerns the Plaintiff's non-hiring and other terms and conditions of her employment.

b) Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the Defendant's request from continuing to violate Title VII.

c) Enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff back-pay, compensatory and punitive damages, reinstatement of position Plaintiff would have occupied if Defendant had not discriminated against her because of her race or gender, and/or in lieu thereof, front-pay.

d) Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees, and expenses incurred in this litigation.

Respectfully submitted,

Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number: 205.981.3906
Fax Number:   205.981.3908
E-mail: jdratty@charter.net

**Please serve the Defendant by Certified Mail:**
Coosa County Board of Education
Todd Wingard, Superintendent of Board of Education
P.O. Box 37
Rockford, Alabama 35136