IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GLORIA SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | 2:07-cv-704-MEF |
| COOSA COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | | |

## ANSWER

For answer to Plaintiff Gloria Sims' Complaint, Defendant Coosa County Board of Education ("Board" or "Defendant") says as follows:

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

To the extent that Plaintiff raises issues in the Complaint which are not like or related to the Charge of Discrimination she filed with the Equal Employment Opportunity Commission, she cannot pursue such issues in this action.

## FOURTH DEFENSE

To the extent Plaintiff attempts to raise claims regarding acts or omissions more than 180 days prior to the filing of Plaintiff's Charge of Discrimination with the EEOC, such complaints are barred.

## FIFTH DEFENSE

To the extent that Plaintiff has not filed her Complaint within 90 days from the day she received his Notice of Right to Sue, her claims are untimely.

## SIXTH DEFENSE

The Plaintiff did not suffer from a tangible employment action.

## SEVENTH DEFENSE

Any employment decisions with respect to Plaintiff were based on factors not in violation of Title VII or § 1983.

EIGHTH DEFENSE

To the extent the fact finder concludes that Plaintiff's gender influenced any decision impacting Plaintiff, Defendant would have made the same decision for legitimate, nondiscriminatory reasons.

NINTH DEFENSE

Defendant denies it has violated Plaintiff's rights under 42 U.S.C. § 1983.

TENTH DEFENSE

To the extent Plaintiff seeks punitive damages under federal law, including Title VII, or the Civil Rights Act, she has failed to state a claim upon which relief may be granted in that Defendant did not engage in any discriminatory practice with malice or reckless indifference for Plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1). Furthermore, any compensatory or punitive damages, if available, would be subject to the limits on such damages set forth in 42 U.S.C. § 1981(a)(b)(3).

ELEVENTH DEFENSE

All actions taken by Defendant were done in the good faith exercise of the power and authority vested in Defendant. In this good faith exercise of that power and authority, Defendant has and claims the defense of official immunity.

TWELFTH DEFENSE

Defendant affirmatively alleges that it did not intentionally or knowingly deprive Plaintiff of any established constitutional rights; any actions about which Plaintiff complains were discretionary acts pursuant to lawful authority, done in good faith, and in the performance of an official duty.

THIRTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, such damages would be barred by the Fourteenth Amendment to the United States Constitution and would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended.

FOURTEENTH DEFENSE

The school district is a political subdivision of the State of Alabama and operates pursuant to the general laws of the state. As such, Defendant is protected from suits grounded in negligence by the doctrine of governmental immunity. Defendant claims the affirmative defense of governmental immunity.

FIFTEENTH DEFENSE

Punitive damages are not available against school districts and Plaintiff is not entitled to recover punitive damages in this cause of action.

## SIXTEENTH DEFENSE

Compensatory damages are not available against school districts and Defendant denies that Plaintiff is entitled to compensatory damages.

## SEVENTEENTH DEFENSE

Plaintiff cannot recover punitive damages against the Defendant because Punitive damages are not available under 42 U.S.C. § 1983 from a governmental entity. *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994), citing *Kubany v. School Bd. of Pinellas County*, 839 F. Supp. 1544, 1551 (M.D. Fla. 1993) (limiting plaintiff's damages in a § 1983 action against a school board to compensatory damages); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 13, 105 S. Ct. 3099, 3106; *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. l2748, 69 L.Ed.2d 616 (1981).

Additionally, § 1981a(b)(1) of the Civil Rights Act of 1991 qualifies the availability of punitive awards:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice  or with reckless indifference to the federally protected rights of an aggrieved individual. (Emphasis added.)

5

In *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994), the United States District Court for the Southern District of Alabama stated:

> In no event, however, may the complaining party recover punitive damages from a governmental entity. 42 U.S.C. § 1981a(b)(1). Since the Board, and the Superintendents in their official capacities, are governmental entities, the plaintiff in the action sub judice cannot possibly recover Title VII punitive damages from them. Therefore, the plaintiff's Title VII claims for punitive damages against the Board and against the Superintendents in their official capacities are due to be dismissed with prejudice.

## EIGHTEENTH DEFENSE

The Plaintiff's claim for damages is limited to the extent she failed or refused to mitigate her damages.

## NINTEENTH DEFENSE

Plaintiff is not entitled to trial by jury on her claims for equitable relief.

## TWENTIETH DEFENSE

Defendant adopts all defenses made available by the United States Supreme Court decision in *Kolstad v. American Dental Association*, 527 U.S. 526 (June 22, 1999).

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, *estoppel, res judicata* and/or release.

## TWENTY-SECOND DEFENSE

At the time this Answer is made, Defendant has not had the benefit of discovery.  Accordingly, Defendant reserves the right, upon completion of discovery, to amend its Answer to add such additional and supplemental defenses as may be appropriate.  As such Defendant also asserts the after-acquired evidence doctrine.

## TWENTY-THIRD DEFENSE

Defendant is not liable for the alleged tortious or wrongful conduct of the individual(s) named in Plaintiff's Complaint under either Alabama state law or federal law.

## TWENTY-FOURTH DEFENSE

No conduct of Defendant was the proximate cause of, or had any causal connection with, the injuries alleged by the Plaintiff.

## TWENTY-FIFTH DEFENSE

Defendant is not liable for any intentional infliction of emotional distress committed by its employees or agents.

## TWENTY-SIXTH DEFENSE

With respect to the separately numbered paragraphs of the Complaint, Defendant states as follows:

1.      Defendant admits that this Court has jurisdiction to adjudicate matters properly invoking the statutes referenced, but denies that jurisdiction is properly invoked by the facts of this case.  Defendant denies that Plaintiff is entitled to the relief sought.  Defendant admits that venue is proper in that Plaintiff and Defendant are located within the Middle District of Alabama.

2.      Defendant cannot admit nor deny this allegation and demands strict proof thereof.

3.      Defendant admits on information and belief the allegation as to the first sentence of paragraph 3.  Defendant clarifies the remaining allegation stating that Plaintiff was employed on a substitute basis and not as a permanent, full-time employee.

4.      Admit.

5.      No response required.

6.      Defendant lacks sufficient information or knowledge to admit or deny the allegations regarding Plaintiff receiving a posting and thus denies same. Defendant admits to all allegations except for Plaintiff's self-serving allegation that she performed her job duties and responsibilities in an exemplary manner and demands strict proof thereof.

7.      Defendant admits the first three sentences.  Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8.     Admit.

9.     Admit the first sentence of paragraph 9 but Defendant denies each and every remaining allegation of paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits that it has articulated a legal, nondiscriminatory reason for its employment decisions; otherwise, Defendant denies each and every allegation of paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies each and every allegation of paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies each and every allegation of paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies each and every allegation of paragraph 13 of Plaintiff's Complaint.

14.     Paragraphs 1 through 13 of this answer are incorporated by reference.

15.     Defendant denies each and every allegation of paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies each and every allegation of paragraph 16 of Plaintiff's Complaint.

17.     There is not a paragraph 17.

18.    Defendant denies each and every allegation of paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies each and every allegation of paragraph 19 of Plaintiff's Complaint.

<u>General Denial</u>

Defendant admits and re-alleges each and every defense contained in this Answer as if set out anew. Defendant denies the material allegations set forth in the Complaint upon which Plaintiff relies for the relief sought and specifically denies that Plaintiff has been adversely affected, suffered any injuries or damage and demands strict proof thereof.

Defendant is without sufficient information to form a belief as to whether Plaintiff has satisfied all administrative prerequisites to bringing this claim, and therefore, consistent with the affirmative defenses set forth herein, denies that Plaintiff is entitled to the relief sought.

Defendant denies all allegations set forth in the Complaint that it has not specifically admitted and demands strict proof thereof.

WHEREFORE, having responded to each and every allegation of the Complaint and having asserted affirmative defenses thereto, Defendant respectfully requests that judgment be entered in Defendant's favor and that Plaintiff take

nothing by her Complaint and that Defendant have judgment for cost of suit and

reasonable attorneys' fees and any other such relief as the Court may deem proper.


s/Donald B. Sweeney, Jr.
DONALD B. SWEENEY, JR.
(SWE002)


OF COUNSEL

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jerry Roberson, Esq.
Roberson & Roberson
P.O. Box 380487
Birmingham, AL  35238

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

Respectfully submitted,

s/ Donald B. Sweeney, Jr.

Donald B. Sweeney, Jr. (ASB-3803-W77D)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: dsweeney@bradleyarant.com