IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA SIMS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: |
| v. ) | |
| ) | 2:07-cv-704-MEF |
| COOSA COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on August 28, 2008, during which the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

| PARTIES | | TRIAL COUNSEL |
|---|---|---|
| Plaintiff: | Gloria Sims | Jerry D. Roberson<br>Roberson & Roberson<br>3765 Kinross Drive<br>P.O. Box 380487<br>Birmingham, Alabama 35238<br>Telephone: (205) 981-3906 |
| Defendant: | Coosa County Board<br>Of Education | Anne Regina Yuengert<br>Bradley Arant Rose & White LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>Telephone:   (205) 521-8000 |

**COUNSEL APPEARING AT PRETRIAL HEARING**:

    For Plaintiff:      Jerry D. Roberson

    For Defendant:    Anne Regina Yuengert

2.  **JURISDICTION AND VENUE**:

The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Defendant is located within the Middle District of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Personal jurisdiction is not contested.

3.  **PLEADINGS**: The following pleadings and amendments were allowed:

    (a)    Complaint

    (b)    Answer and Affirmative Defenses

4.  **CONTENTIONS OF THE PARTIES**:

**(a)    The Plaintiff**:

(1)    Sims alleges that the reason she was not selected for the full-time lunch-room position was due to her gender and/or race.

(2)    Sims alleges that she has direct evidence that the Defendant refused to hire her based on her race and/or gender.

(3)    Sims claims that the Defendant gave her a false and derogatory job reference, in retaliation for her complaints of discrimination and her EEOC charge of discrimination.

(4)    Sims claims that she is entitled to back-pay, is entitled to be awarded the next lunchroom position available, and front-pay until a lunchroom position becomes open.

(5)     Sims claims she is entitled to compensatory damages as the Defendant engaged in conduct with reckless indifference to her civil rights.

(6)     Sims, if a prevailing party, claims she is entitled to an award of attorneys' fees and costs.

(7)     Sims alleges that the articulated reason for the Defendant's failure to hire her, i.e., she was not qualified, is but a pretext for discrimination.

**(b).    The Defendant**:

As state law requires, the Board announced that it had a vacancy for a 6-Hour Temporary Lunchroom Worker. The posting clearly specified the qualifications for the position were a high school diploma or GED. Although Plaintiff possesses neither a high school diploma nor GED, she indicated she was interested and was interviewed for the position.

A committee comprised of Jan Forbus, the Cafeteria Manager at Central High School, Keith Bullard, the Principal at Central High School, and Pamela Jones, who oversees all the lunchroom operations in the school system, interviewed each candidate. Of the seven candidates the committee interviewed, three (1 African American Female, 2 African American Males) had high school diplomas or GEDS and four (1 White Female, 1 African American Female, 1 African American Male, 1 White Male), including Plaintiff, did not. After learning that the four candidates lacked a high school diploma or GED, the committee no longer considered them for

the position. The committee recommended that the Board hire Jerry McKinney (African American Male), who had a high school diploma. Superintendent Todd Wingard recommended to the Board that it hire McKinney for the position and the Board approved the recommendation. No candidate's race or gender was considered in this decision. The Board hired McKinney for reasons unrelated to his or any candidate's age or gender.

Upon learning of the committee's decision, Plaintiff walked off the job without notice. Seven or eight months after Plaintiff walked off the job, while Forbus was off work on terminal leave, Forbus was contacted at home regarding a job reference for Plaintiff. Forbus gave her honest opinion of Plaintiff's performance and behavior, reporting that Plaintiff had walked off the job without notice.

The Board did not discriminate against or retaliate against Plaintiff and she is not entitled to any damages. However, to the extent Plaintiff is awarded damages, any back pay award is subject to offset for wages she earned in other employment.

All actions taken by the Board were done in good faith.

Punitive damages are not available against this defendant. Any compensatory damages are subject to the limitation set forth in § 1981a(b)(3).

    5.    **STIPULATIONS of FACT BY and BETWEEN THE PARTIES**:

    (a)    Sims was employed by the Coosa County Board of Education for approximately six weeks as a substitute lunchroom worker.

    (b)    Coosa County Board of Education was the Title VII employer of

4

Sims while she was employed.

 (c) All procedural requirements for a Title VII claim have been met.

 (d) Jan Forbus was Sims' supervisor while she worked as a substitute lunchroom worker at Central High School.

 (e) Forbus, Pam Jones and Keith Bullard were decision makers in the hiring of Jerry McKinney.

 (f) Jerry McKinney, a black male, was selected for the temporary lunchroom worker position.

 It is ORDERED that:

 (1)  The jury selection and trial of this cause, which is to last two to three (2-3) days, are set for September 29, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

 (2)  A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

 (3)  The parties are to file their pre-trial briefs, if any, by **September 15, 2008**, along with proposed jury instructions and verdict forms;

 (4)  The parties in this case must file proposed verdict forms on or before **September 15, 2008**;

 (5)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

 (6)  All deadlines not otherwise effected by this order will remain as set forth in

the Uniform Scheduling Order (Doc. #11) entered by the court on October 1, 2007;

(7) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 2nd day of September, 2008.

                                            /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE