IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA SIMS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:07cv704-MEF |
| ) | |
| COOSA COUNTY BOARD OF ) | (WO-Do Not Publish) |
| EDUCATION, ) | |
| ) | |
| DEFENDANT. ) | |

## ORDER

Plaintiff Gloria Sims ("Sims") brings suit against the Coosa County Board of Education ("the Board") pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. In this action, she contends that the Board failed to hire her for a position because of her race and her sex and then retaliated against her for complaining about what she believed constituted discrimination against her. This cause is before the Court on two motions *in limine* (Doc. # 27 and Doc. # 28) filed on September 12, 2008 by the Board and an objection to some of Sims' exhibits (Doc. # 29) filed on that same date. The Court has carefully considered the applicable law, the substance of these motions and the objection, and the merits of Sims' responses in opposition.

In this Court's view, the Motion *in Limine* Precluding Testimony or Other Evidence Concerning Hiring of Pam Jones (Doc. # 27) is due to be DENIED. Sims has articulated why the evidence is relevant to the claims in this action and the Court is satisfied that the relevance outweighs any danger of unfair prejudice, confusion of the jury, and undue delay.

That having been said, the Court will likely fashion a limiting instruction regarding this evidence.

On the other hand, the Court finds that the Motion *in Limine* Precluding Testimony or Other Evidence Concerning Consent Decree (Doc. # 28) is due to be GRANTED. The Court is not persuaded that the information is relevant to the issues before the Court. Moreover, the Court finds that whatever limited relevance this information may have is substantially outweighed by the danger of unfair prejudice, confusion of the jury and undue delay. Additionally, the Court finds that the Board's objections to Sims' exhibit list are due to be SUSTAINED. Based on the rationale proffered by Sims at this point, the Court will not allow the affidavits or the Consent Decree to be admitted into evidence. The Court will not allow evidence to be shown to the jury which is not first properly admitted. While Sims may use affidavits to attempt to impeach the affiant should the affiant testify in a way that is inconsistent with prior sworn testimony this will not be accomplished by allowing the jury to view that prior sworn testimony. Finally, Sims will be required to testify or present evidence as to her damages without relying on an affidavit from Sims prepared by her attorney. Her testimony should be based on information within her personal knowledge not scripted for her by her counsel.

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Motion *in Limine* Precluding Testimony or Other Evidence Concerning Hiring of Pam Jones (Doc. # 27) is DENIED.

2.	The Motion *in Limine* Precluding Testimony or Other Evidence Concerning Consent Decree (Doc. # 28) is GRANTED.

3.	Defendant's Objections to Plaintiff's Exhibits (Doc. # 29) are SUSTAINED.

DONE this the 25th day of September, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE